IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUGENE F. HICKEY, II,<br>Plaintiff<br><br>v.<br><br>ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,<br>Defendant | No. 3:10cv907<br><br>(Judge Munley) |

## MEMORANDUM

Before the court is the defendant's motion for reconsideration (Doc. 11) of our order (Doc. 10) granting, in part, and denying, in part, the defendant's motion to dismiss.

## BACKGROUND

This action arises out of a motor vehicle accident on August 9, 2007, in which Plaintiff Eugene F. Hickey, II, ("Plaintiff") suffered injuries to his neck and back. (Compl. (Doc. 1-3) ¶ 9). At the time of the collision, Plaintiff maintained an automobile insurance policy issued by Defendant Allstate ("Defendant") in the amount of $100,000.00. (Id. ¶ 10). Following the accident, Plaintiff underwent prescribed physical therapy from September 5, 2007 through October 11, 2007 and December 12, 2007 through the present. (Id. ¶ 14). On July 20, 2009, Defendant Allstate ("Defendant") informed Plaintiff it would require an Independent Medical Examination ("IME") before processing any further medical bills. (Id. ¶ 20). Citing the results of the IME, Defendant notified Plaintiff by a letter dated January 5, 2010, that it would pay no bills beyond December 23, 2009. (Id. ¶ 27).

Thereafter Plaintiff filed a complaint in the Court of Common Pleas of Lackawanna County asserting breach of contract (Count I) and bad faith (Count II). Defendant timely removed to this court on the basis of diversity of citizenship and an amount in controversy in excess of $75,000.00. On

May 5, 2010, Defendant filed a motion (Doc. 5) to dismiss Count II of the complaint, or in the alternative, motion for a more definite statement regarding paragraph 40(h) of the complaint. On June 25, 2010, we issued a memorandum and order (Doc. 10) granting, in part, and denying, in part, Defendant's motion. We granted the motion with respect to those allegations preempted by section 1797 of the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL"), enumerated at paragraphs 40(a)-(h)(1) of the complaint, and we denied the motion with respect to Plaintiff's allegation of abuse of the PRO process (Doc. 1-3 ¶ 29). We denied Defendant's motion for a more definite statement. On July 9, 2010, Defendant moved for reconsideration of the order, bringing the case to its present posture.

**LEGAL STANDARD**

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 799 F.2d 906, 909 (3d Cir.1985); Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). The movant must demonstrate one of three grounds in order for such a motion to be granted: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice. Max's Seafood Cafe, 176 F.3d at 677. A motion for reconsideration is not a proper vehicle to merely attempt to convince the court to rethink a decision it has already made. Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

**DISCUSSION**

Defendant does not point to a change in controlling law or the availability of new evidence, therefore we will treat its motion as seeking

2

correction of a clear error of law.  Defendant requests reconsideration of that part of our holding denying its motion to dismiss Count II of the complaint.  We based our denial of Defendant's motion on Plaintiff's allegation that "the Defendant, Allstate, had and has a practice of attempting to terminate medical treatment by 'independent medical examination' ["IME"] without reasonable cause to do so."  (Compl. ¶ 29 (Doc. 1-3)).  We viewed Plaintiff's claim as an allegation of abuse of the PRO process, which states a claim for bad faith under 42 PA. CONS. STAT. ANN. § 8371 sufficient to permit discovery.

Defendant argues that, insofar as Plaintiff fails to allege that Defendant used a peer review organization ("PRO"), per se, there can be no claim for an abuse of the PRO process.  See, e.g. Perkins v. State Farm Ins. Co., 589 F. Supp. 2d 559 (M.D. Pa. 2008) (where plaintiff affirmatively alleged that defendant utilized a PRO in denying benefits).  We disagree.  The purpose of the PRO process is to determine whether "treatment, products, services or accommodations conform to the professional standards of performance and are medically necessary."  75 PA. CONS. STAT. ANN. § 1797(b)(1).  The record demonstrates that Defendant utilized the IME for the purpose of determining whether Plaintiff's treatment was reasonable and necessary.  (See, e.g., Ex. 1 to Pl.'s Br. in Opp'n (Doc. 7-1)).  Because the IME functioned as a PRO in the instant case, we find Defendant's distinction  negligible.

In addition, Defendant argues that Plaintiff has not alleged an abuse of the IME process as egregious as that in Perkins or similar cases, such as issuing biased peer review reports.  Defendant notes that Plaintiff merely asserts that Defendant wrongfully interpreted the IME report in order to deny Plaintiff medical benefits.  Such assertions, Defendant argues, do not amount to allegations of abuse; rather, they amount to a

3

challenge to the denial of first-party benefits based on the reasonableness and necessity of treatment and thus fall under section 1797, barring a claim under section 8371. While we agree that a challenge to the denial of first-party benefits would be barred under section 8371, we find that Plaintiff's specific claim that Defendant "had and has a pattern and practice" of such denials extends Plaintiff's claim beyond the scope of section 1797. (See Doc. 1-3 ¶ 29). Drawing all reasonable inferences and viewing them in the light most favorable to the plaintiff, we find that Plaintiff's claim amounts to an allegation of abuse of the PRO process, which states a claim under section 8371 sufficient to permit discovery. See Perkins, 589 F. Supp. 2d at 566.

Defendant's final argument is that the remedies provided in section 1797 preclude any remedies available under section 8371 for Defendant's abuse of the PRO process. Defendant argues that abuse of the PRO process can properly be regarded as "wanton" conduct by an insurer under section 1797(b)(4), and "[c]onduct considered to be wanton shall be subject to a payment of treble damages to the injured party." 75 PA. CONS. STAT. ANN. § 1797(b)(4). We disagree– there is no preclusion of section 8371 remedies here because section 1797 is not available. Section 1797 is triggered only by a challenge to the denial of benefits based on the reasonableness and necessity of treatment– and we find that Plaintiff's claim does not amount to such a challenge– Plaintiff's allegation of abuse of the PRO process does not trigger the procedures and remedies of section 1797. Thus, section 1797 does not preempt Plaintiff's claim under section 8371.[1]

---

[1] Defendant also argues that the remedies provided under section 1797 preclude any remedies available under section 8371 for Defendant's

4

**CONCLUSION**

    For the reasons stated above, the defendant's motion for reconsideration will be denied. An appropriate order follows.

---

denial of first-party medical benefits without reasonable cause to do so. Because we find the claim at issue does not amount to a challenge to the denial of first-party medical benefits, we decline to address this argument.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EUGENE F. HICKEY, II,** | : | No. 3:10cv907 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,** | : | |
| Defendant | : | |

## ORDER

**AND NOW**, to wit, this 20th day of August 2010, upon consideration of the defendant's motion for reconsideration (Doc. 11) of our order (Doc. 10) granting, in part, and denying, in part, the defendant's motion to dismiss, it is HEREBY **ORDERED** that the defendant's motion is **DENIED**.

BY THE COURT:

s/ James M. Munley

**JUDGE JAMES M. MUNLEY**
**United States District Court**